IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMMY LEE GAINES,

      Petitioner,

v.                             CASE NO. 4:14-cv-588-RH-GRJ

FLORIDA COMMISSION ON
OFFENDER REVIEW, et al.,

      Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He filed an

amended petition pursuant to 28 U.S.C. § 2241[1] ("Petition"), along with a

memorandum of law in support. (ECF Nos. 7, 11.)  Respondent Florida

Commission on Offender Review[2] ("FPC") filed a response, ECF No. 17,

along with relevant portions of the state-court record. (ECF Nos. 17-1–17-

---

[1] The Court ordered Petitioner to file an amended petition pursuant to § 2241 because the Court construed his petition as challenging the execution of his sentence, rather than the sentence or conviction itself. (ECF No. 6.) The Court, however, advised Petitioner that his petition is still subject to the limitations of § 2254. (*Id.*)

[2] The Florida Commission on Offender Review was formerly known as the Florida Parole Commission. (ECF No. 17 at 1 n.1.)

33 ("Ex.").[3]) Respondent Florida Department of Corrections ("FDOC") also filed a response, ECF No. 21, along with relevant portions of the state-court record. (ECF No. 21 at 24–46.) Petitioner then filed a reply to each response. (ECF Nos. 22, 23.) Upon due consideration of the Petition, the Responses, the state-court record, and the Replies, the undersigned recommends that the Petition be denied.[4]

## Summary of Relevant State-Court and Federal-Court Proceedings

In June 1990 Petitioner entered a plea of guilty to possession of a firearm by a convicted felon (Count I) and unlawful possession of a controlled substance (Count II) in the Seventh Judicial Circuit Court of Florida, in and for Putnam County ("Putnam County Circuit Court"). (Ex. A.) The court found Petitioner was a habitual felony offender under Section 775.084, Florida Statutes (1988). (*Id.*)  Petitioner was sentenced on June 6, 1990, to 30 years in prison for Count I and 10 years in prison for Count II. (*Id.*) An amended sentence was entered on August 17, 1994, stating that the sentence in Count II shall run concurrent with Count I. (*Id.*)

---

[3] Where an exhibit is separately paginated, the pinpoint citations to the exhibits will be the lettered exhibit followed by the appropriate page number(s). If an exhibit is not separately paginated, the identification used will be the ECF designation at the top of the page followed by the corresponding page number.

[4]  Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

On September 1, 2008, Petitioner began a period of conditional release under the supervision of the FPC. (Ex. B.) In September 2010, a warrant was issued regarding Petitioner's alleged violation of Condition 7 of his conditional release by failing to obey the law. (Ex. C.) Petitioner waived his right to a conditional release violation hearing, and then withdrew his waiver. (*Id.*) After a hearing, the FPC reinstated his supervision. (*Id.*)

A second warrant was issued on May 31, 2012, regarding an alleged violation of Petitioner's conditional release, again stating that Petitioner violated Condition 7 by failing to obey the law. (Ex. D.) The specific allegation was that Petitioner unlawfully touched, struck, or caused bodily harm to a victim on or about May 26, 2012. (Exs. D, E.) Petitioner then waived his right to a conditional release violation hearing. (Exs. E, F, G.) Petitioner's conditional release was revoked on July 11, 2012, effective May 26, 2012. (Ex. H.) Notably, the revocation order stated that "[t]he award of credit for time on Conditional Release was considered denied by a majority vote of the Commission." (*Id.*) He was given credit for August 31, 2010, to February 24, 2011, but he was not given credit for September 1, 2008, through May 26, 2012—when he was on conditional release.[5] (*Id.*)

---

[5] In December 2012, Petitioner filed inmate requests with the FDOC regarding the computation of his sentence. (ECF No. 22 at 24.)

On April 1, 2014, Petitioner submitted for mailing a habeas corpus petition under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Florida. *Gaines v. Julie L. Jones,* No. 4:14cv178-RH/CAS, ECF No. 1 (N.D. Fla. Apr. 1, 2014). In that petition, he challenged the FPC's revocation of his supervised release. *Id.* The magistrate judge recommended denying the petition on December 6, 2016, and the district judge adopted that recommendation on June 13, 2017. *Id.* at ECF Nos. 17, 19.

Approximately six months after he filed that petition and prior to the Court's ruling on the petition, Petitioner submitted the instant habeas Petition under 28 U.S.C. § 2241 on November 19, 2014, to prison officials for mailing. (ECF No. 7.)

## Section 2254 Standard of Review[6]

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that

---

[6] Again, "if a state prisoner is 'in custody pursuant to a judgment of a State court,' his petition is subject to §2254." *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). There is no dispute that Petitioner is in custody pursuant to a judgment of a state court, namely the Putnam County Circuit Court.

he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

With regard to factual findings, under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

Case 4:14-cv-00588-RH-GRJ

As to legal findings, as mentioned above, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s

'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting *Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion. *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers

the reasonableness of the trial court's fact-finding only to the extent that the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A federal habeas court can consider the full record before it to answer "the only question" that matters: "whether the state court's determination [was] objectively unreasonable." *Id.* at 1290.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must fairly present the claim in each appropriate state court, thereby affording the state courts a meaningful "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

## DISCUSSION

In his Petition, Petitioner states that he is being illegally detained. He says that he entered into a "contract plea agreement" in 1990 to a sentence of 30 years, minus 20 days each month in gain-time. As a result of this plea agreement, Petitioner argues that he completed his sentence on September 1, 2008, after he served 18 years and earned 12 years of incentive gain-time. (ECF No. 7 at 3–4.)

At that time, however, Petitioner was placed on conditional release, which was revoked on July 11, 2012. Petitioner then states that on July 2, 2013, he learned that the FDOC forfeited 4237 days of incentive gain-time and did not award Petitioner the 1362 days he was out on conditional release. Petitioner's maximum release date was then extended from April 8, 2020, to July 26, 2023. (*Id.* at 4–6.)

Petitioner argues that this "newly discovered information" regarding the forfeiture of gain-time and his sentence calculation entitles him to immediate release because he is now in prison beyond the sentence dictated by his "contract plea agreement," which he says he completed on September 1, 2008. Petitioner also says that the State of Florida has failed to comply with federal and Florida laws and has violated his rights under the Eighth, Fifth, and Fourteenth Amendment. (*Id.* at 4–6.)

Liberally construing his Petition, Petitioner attempts to make two arguments. Primarily, Petitioner challenges the forfeiture of his gain-time and the decision not to award Petitioner credit for the time he was out on conditional release. The FDOC, which is responsible for the forfeiture of gain-time and sentence calculations, filed a response to this challenge. (ECF No. 21.) Secondarily, Petitioner is challenging his placement on conditional release supervision after allegedly completing his sentence prior to being placed on conditional release, pursuant to his "contract plea agreement" of 30 years minus 20 days a month for gain-time. The FPC, which determines eligibility for conditional release, sets the length and conditions of supervision, and revokes supervision if appropriate, filed a response to this argument. (ECF No. 17.)

**A. The FDOC's response**

Petitioner's main argument in his Petition is a challenge to the forfeiture of his gain-time and the decision not to award him credit for all the time he was out on conditional release supervision. Petitioner says that this decision thwarted his "contract plea agreement" and has resulted in his illegal detention. (ECF No. 7.)

The FDOC first argues that Petitioner failed to exhaust his claims in state court and that they are now procedurally defaulted. The FDOC

acknowledges that Petitioner raised these claims in Leon County Circuit

Court and Wakulla County Circuit Court; however, he did not appeal those

state court decisions to the First DCA. And since the deadline for appealing

those decisions has passed, the FDOC says that Petitioner is now time

barred from exhausting his claims. (ECF No. 21 at 3.)

The FDOC has failed to meet its burden of proving exhaustion.

Notably, the FDOC concedes that although Petitioner did not appeal the

two cases they identified presenting his claims in the Leon County Circuit

Court and the Wakulla County Circuit Court, they say Petitioner did appeal

other circuit court cases, for which the FDOC does not know the issues

presented.[7] (ECF No. 21 at 3–4, 9 & n.1.)

---

[7] The FDOC also states the following:

> Gaines' gain-time forfeiture and the FPC's decision not to grant credit for
> all the time he was at liberty occurred as a result of the July 11, 2012
> revocation of conditional release (Appx. at 28). Therefore, Gaines'
> November 19, 2014 Petition filed before this court is time barred because
> it exceeds the one year statute of limitation pursuant to the Antiterrorism
> and Effective Death Penalty Act of 1996 (AEDPA).

(ECF No. 21 at 10.) Based on this statement alone, without the discussion of any
potential tolling of the statute of limitations based on the filing of grievances or state-
court motions, the FDOC has failed to show that the Petition is untimely. This is
particularly true in light of the fact that Petitioner says he did not learn of this forfeiture
of gain-time until July 2, 2013, and that he then filed a petition for writ of mandamus in
Leon County Circuit Court in December 2013, which was not denied until October 2014.
(ECF No. 22 at 25; Exs. M5, M7.)
    Notably, "[i]f one claim is timely, then other claims that would be time-barred may
be considered." *Rodriguez v. McNeil*, No. 08-22059-CIV-JORDAN, 2009 WL 10674186
(S.D. Fla. Oct. 7, 2009) (citing *Ferreira v. Dep't of Corr.*, 494 F.3d 1286, 1292–93 (11th
Cir. 2007)). Accordingly, the Court will consider all of Petitioner's claims regardless of
timeliness.

Regardless of whether Petitioner exhausted his claims, the Court has

no trouble concluding that Petitioner's claims are due to be denied on the

merits. To start, because the forfeiture of gain-time and the requirement

that an inmate serve the time he was out on conditional release after the

revocation of his conditional release involve issues of state law, the Court

must abide by the state court's interpretation of its own state law. *See*

*Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)

Under Florida law, if an individual violates conditional release

supervision, the FPC may revoke the conditional release and "thereby

return the releasee to prison to serve the sentence imposed." Fla. Stat. §

947.141(4). The FPC may also deny credit for the time a releasee spent on

conditional release once that release is revoked. *See Rivera v. Singletary*,

707 So.2d 326, 327 (Fla. 1998); *see also Thomas v. Moore*, 797 So. 2d

1196, 1198 (Fla. 2001) ("Time spent out of prison while under supervision

should only be credited toward service of the prison sentence when the

supervisory period is successfully completed.").

Additionally, if conditional release is revoked, the FDOC "may,

without notice or hearing, declare a forfeiture of all gain-time earned

according to the provisions of law by such prisoner prior to . . . his or her

release under. . . conditional release." Fla. Stat. § 944.28(1). "[F]orfeitures

of gain-time, when ordered, shall be applied to make the tentative release date proportionately later." Fla. Stat. § 944.275(3)(a).

Therefore, under Florida law, the FPC had the authority to revoke Petitioner's conditional release upon finding that a violation occurred and had authority to deny Petitioner credit for the time he was out on conditional release. The FDOC also had authority, under Florida law, to forfeit Petitioner's gain-time earned prior to the imposition of conditional release. It makes no difference that the recalculation of Petitioner's sentence resulted in a release date after the original tentative release date. Petitioner, therefore, has failed to show that the FDOC or FPC's actions—which were in accordance with Florida law—thwarted his plea agreement.

In his Petition, Petitioner makes the conclusory argument that the FPOC and FDOC violated his Eighth, Fifth, and Fourteenth Amendment rights. Although it is unclear how the Eighth or Fifth Amendment would apply to Petitioner's claims, the Court liberally construes this statement as alleging that Petitioner's federal due process rights were violated. Petitioner, however, has failed to argue adequately how his due process rights were violated.

"Questions of state law rarely raise issues of federal constitutional

significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983))*; see also Barclay v. Florida*, 463 U.S. 939, 958–59 (1983) ("Mere errors of state law are not the concern of this Court unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." (citation omitted)). Federal habeas review of a state law claim is precluded even when a petition is couched in terms of due process violations if it actually involves state law issues. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). Further, "the Eleventh Circuit has held consistently that federal courts cannot review a state court's alleged failure to adhere to its own sentencing procedures." *Rodriguez v. McNeil*, No. 08-22059-Civ-JORDAN, 2009 WL 10674083 (S.D. Fla. July 23, 2009) (citing *Branan*, 861 F.2d at 1508).

Specifically with regard to Petitioner's conclusory due process claim, "[w]hile there is no inherent or constitutional right to conditional release before the expiration of a valid sentence, a state may create a protectible liberty interest in the establishment of a parole system." *Hunter v. Fla. Parole & Probation Comm'n*, 674 F.2d 847, 848 (11th Cir. 1982). Florida

statutes, however, have created no such liberty interest in parole. *Id.* (citing *Stanton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982). The same is true regarding gain-time. *See* Fla. Stat. § 944.28(1) (allowing the forfeiture of gain-time without notice or a hearing). In short, there can be "no deprivation of a federally protected right" on the basis of conditional release or the forfeiture of gain-time. *Id.*

Petitioner was properly placed on conditional release. The consequences of Petitioner's failure to abide by the conditions of his conditional release—the forfeiture of gain-time and failure to be credited with time served on conditional release by the FDOC and FPC—were in accordance with state law. Petitioner has thus failed to show that he was denied any federal due process rights or that he is entitled to immediate release. Therefore, there is no basis for federal habeas relief.[8]

Further, Petitioner has not demonstrated that the state courts' denial of his claims was contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable application of the facts. *See* 28 U.S.C. § 2254(d).

Accordingly, because Petitioner's challenges to the forfeiture of his

---

[8] The remedy available for Petitioner was through the administrative grievance process and state courts. These avenues, however, failed to provide Petitioner the relief he sought.

gain-time and the recalculation of his sentence concern issues of state law,

he has failed to show that any federal constitutional right was violated or

that he is entitled to federal habeas relief. *See Rodriguez v. McNeil*, No.

08-22059-Civ-Jordan, 2009 WL 10674083, at *13 (S.D. Fla. July 23, 2009)

("[Petitioner's] reincarceration and forfeiture of gain time were the direct

result of his violation of the conditions of his release. His violation of these

State requirements, and the consequences the State imposed, provide no

basis for federal habeas relief."), *report and recommendation adopted*,

2009 WL 10674186 (S.D. Fla. Oct. 7, 2009); *see also Rodriguez v. Fla.*

*Parole Comm'n*, 430 F. App'x 768, 770 (11th Cir. 2011) (per curiam)

(rejecting the petitioner's similar due process and double jeopardy claims).

    In an abundance of caution, the FDOC also construes Petitioner's

petition as alleging a challenge regarding his "contract plea agreement."

Specifically, Petitioner says in his reply that "[t]he intent of Petitioner's

Contract Plea Agreement is thwarted by FDOC's forfeiture of gain time,

where that gain time was considered in arriving at the sentence." (ECF No.

23 at 11.) Although the FDOC admits that it is unaware of whether

Petitioner has exhausted this issue in state court, they argue that any

issues pertaining to his plea agreement should be presented to his

sentencing court, not in claims against the FDOC. (ECF No. 21 at 18–19.)

Petitioner contends that his "contract plea agreement" was for a sentence of 30 years, minus 20 days a month in gain-time. (ECF No. 7 at 3.)  This argument makes no sense and is contrary to the concept of how gain-time is calculated.  As the FPC states, "[i]t is illogical to believe that a plea agreement could include [a provision of minus 20 days a month for gain-time] even by implication, where the award of gain time is dependent on good institutional behavior and is subject to forfeiture as is even the ability to earn it if found guilty of disciplinary infractions." (ECF No. 17 at 7 n.4.)

The forfeiture of gain-time or the requirement that Petitioner serve time during which he was out on conditional release do not thwart a plea agreement for a 30-year sentence as a habitual felony offender nor do they invalidate a plea itself. *Cf. United States v. Campbell*, 768 F.2d 764, 768 (11th Cir. 1985) ("[A] defendant's lack of knowledge of . . . collateral consequences cannot affect the voluntariness of the plea.") Instead, as discussed above, the FPC and the FDOC had authority under Florida law to forfeit Petitioner's gain-time as well as not to credit Petitioner for the time he was out on conditional release in recalculating his sentence. Petitioner will serve only his agreed-upon 30-year sentence, either in prison or on conditional release. Thus, his plea agreement has not been thwarted.

Additionally, even if Petitioner was challenging the adherence to his plea agreement, Petitioner has failed to show how any such challenge amounts to a denial of his federal constitutional rights. Petitioner's allegations regarding the contents of his plea agreement without evidence of the plea agreement itself and without argument as to how the FPC or FDOC violated his federal constitutional rights with regard to that plea agreement do not entitle Petitioner to federal habeas relief.

## B. The FPC's response

Although the argument is not well developed by Petitioner in his Petition, Petitioner also suggests that he should never have been placed on conditional release supervision. In his Petition, Petiitioner says that he successfully completed his sentence in accordance with his contract plea agreement on September 1, 2008, when he was placed on conditional release supervision. (ECF No. 7 at 4.) In response, the FPC argues that Petitioner's petition should be denied because he has failed to demonstrate that the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established federal law. (ECF No. 17 at 11–13.)[9]

---

[9] The FPC also argues that the Petition is untimely based on this claim. As discussed above, however, the Court is addressing each claim in the Petition on the merits regardless of timeliness.

In state court Petitioner unsuccessfully argued that placing him on conditional release would violate his plea agreement because the twelve years of gain time he says the state agreed to in the plea agreement would not be subtracted from his thirty year sentence, thus resulting in a 30 year mandatory sentence.  (Ex. I1.) The Leon County Circuit Court denied his challenge, concluding in relevant part that under Florida law habitual offenders must be released to conditional release supervision for the period of time until the completion of their sentences. The state court thus concluded that conditional release had no bearing on his plea agreement. (Ex. I4.) The First District Court of Appeal ("First DCA") then denied his petition for writ of certiorari. (Exs. J1, J4.)[10]

Again, this Court must abide by the state court's interpretation of state law. *See Bradshaw*, 546 U.S. at 76; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983). Florida law provides that conditional release "is an additional

---

[10] Also prior to his release under conditional release supervision, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the U.S District Court for the Southern District of Florida ("Southern District of Florida"). *See Gaines v. Fla. Parole Comm'n*, No. 1:07-cv-22894-ASG, ECF No. 1 (S.D. Fla. Nov. 6, 2007). Petitioner challenged the application of section 947.1405, Florida Statutes—which encompasses the conditional release program—to his sentence as transforming his sentence into a mandatory minimum sentence of 30 years. *Id.* The Southern District of Florida denied his petition on the basis that his claim was not cognizable in a federal habeas corpus proceeding. *Id.* at ECF Nos. 26, 28.

At the time he filed that petition, however, he had not completed his sentence.

post-prison supervision program for certain types of offenders that the
legislature has determined to be in need of further supervision after
release." *Rivera v. Singletary*, 707 So. 2d 326, 327 (Fla. 1998) (citing Fla.
Stat. § 947.1405 (1997)). Inmates who meet the statutory criteria for
conditional release are mandatorily released on supervision for a period
equal to the gain-time earned while incarcerated. *Mayes v. Moore*, 827 So.
2d 967, 971–72 (Fla. 2002); Fla. Stat. § 947.1405. Additionally—as
discussed above—if an individual violates a condition of release, the
conditional release may be revoked, the gain-time may be forfeited, and
the individual may have to serve out the remainder of their sentence in
prison. *Mayes*, 827 So. 2d at 971–72.

Here, the state court determined that habitual offenders must be
placed on conditional release supervision; thus, Petitioner—a habitual
offender—was properly placed on conditional release. And, as the
Southern District of Florida pointed out in denying his previously filed
petition, "[a] state decision affecting only the sentencing rights of prisoners
under state law is of no consequence in relation to a federal habeas corpus
application." *See Gaines v. Fla. Parole Comm'n*, No. 1:07-cv-22894-ASG,
ECF Nos. 26, 28 (S.D. Fla. Sept. 12, 2008). Therefore, to the extent

Petitioner is challenging the state court's determination regarding his placement on conditional release supervision as dictated by Florida statutes, such a claim is not cognizable in a federal habeas corpus proceeding.

To the extent that Petitioner is also attempting to argue that his placement on conditional release violated his Fourteenth Amendment rights, the Florida Supreme Court has held that conditional release is not an increased punishment and on that basis has rejected various constitutional challenges to the conditional release program. *See Mayes*, 827 So. 2d at 971 (holding that conditional release statute does not violate ex post facto protections in that it does not increase the maximum sentence but merely requires that certain inmates will complete their sentences outside of prison, still under a degree of supervision, and that conditional release is not an increased punishment program); *Duncan v. Moore*, 754 So.2d 708, 710–13 (Fla. 2000) (holding that placing an individual on conditional release supervision does not violate any constitutional rights under the Double Jeopardy Clause, Ex Post Facto Clause, Due Process Clause, or the Equal Protection Clause; nor does it subject an individual to cruel and unusual punishment). Consistent with the

view of the Florida Supreme Court this Court also has found that

"[c]onditional release is merely an aspect of executive clemency completely

within the discretion of the state officials; there is no bargain struck with the

prisoner and no federal constitutional right associated with conditional

release." *Haralson v. Fla. Parole Comm'n,* No. 1:05-cv-112-MP-WCS,

2006 WL 2331029, at *1 (N.D. Fla. Aug. 8, 2006) (unpublished).

As discussed above, this Court is bound by the state court's

determination that under Florida law Petitioner's was eligible for conditional

release supervision and that upon reaching his tentative release date

established by the FDOC, Petitioner was properly released under

conditional release supervision. *See* Fla. Stat. § 947.1405 (stating the

criteria that made conditional release mandatory for Petitioner). The claim

asserted by Petitioner—as interpreted by the FPC—that his accrued gain

time should not have been applied to a term of conditional release

supervision because he had already completed his sentence simply does

not assert federal constitutional claims despite Petitioner's conclusory

allegation that his Eighth, Fifth, and Fourteenth Amendment rights were

violated. *See Stanton v. Fla. Dep't of Corr.*, No. 1:10-cv-0001-MP-GRJ,

ECF Nos. 28, 29 (N.D. Fla. Jan. 18, 2013) (denying federal habeas relief

for a challenge to placement on conditional release as a due process violation).

Petitioner has failed to demonstrate the existence of a cognizable federal right related to his release on conditional release supervision for the period of his accumulated gain-time, and he has failed to show that the state court's adjudication of the claim was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, he is not entitled to federal habeas relief.

Lastly, to the extent that Petitioner challenges in the current petition the revocation of his conditional release supervision, based on the State Attorney's office failure to prosecute the alleged battery underlying the violation of his conditional release, Petitioner's claim has no merit.

Notably, Petitioner raised this same claim before and lost. In a petition for writ of habeas corpus under 28 U.S.C. § 2254 previously filed in this Court, Petitioner argued in his reply brief that the revocation of his conditional release violated his due process rights because he was never prosecuted for the alleged battery, which was the basis for the revocation. *See Gaines v. Jones*, No. 4:14cv178-RH/CAS, ECF Nos. 1, 16 (N.D. Fla. Apr. 1, 2014). This claim is, therefore, successive and cannot be raised

again without first obtaining an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Sec'y, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so.  Because this claim already has been presented in a federal habeas petition and is thus successive, the Court need not address it again. *See Gaines v. Jones*, No. 4:14cv178-RH/CAS, ECF Nos. 17, 19 (N.D. Fla. 2017) (denying Petitioner's previously filed petition).

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, for the foregoing reasons, it is respectfully

**RECOMMENDED:**

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 7, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 2nd day of March 2018.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.