IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMMY LEE GAINES,

    Petitioner,

v.                                      CASE NO. 4:14cv588-RH/GRJ

FLORIDA COMMISSION ON
OFFENDER REVIEW et al.,

    Respondents.

_____/

**ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY**

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Tommy Lee Gaines challenges the implementation of his state-court sentence. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 25, and the objections, ECF No. 26. I have reviewed de novo the issues raised by the objections. The report and recommendation correctly concludes that the petition should be denied.

Mr. Gaines pleaded guilty. The state court imposed a 30-year habitual-offender sentence. As authorized by state law, Mr. Gaines was placed on community release, but his community release was revoked and he was returned to

custody because he committed a new offense, thus violating his conditions of release. Florida law afforded Mr. Gaines the right to a hearing on whether he in fact committed the new offense, but Mr. Gaines waived his right to a hearing. As authorized by Florida law, Mr. Gaines did not receive credit on his 30-year sentence for time on community release, and his previously accrued gain time was revoked.

There is nothing inherently unconstitutional about a state conditional-release program of this kind. A state could choose to require a 30-year sentence to be served all at once, with no break, but a state also could choose, as Florida has done, to release a defendant meeting specified criteria early, on the understanding that, if the defendant commits a new offense, the defendant will have to serve the rest of the sentence. A state could choose to provide gain time for prisoners whose contact warrants it and to vest the gain time once earned, precluding later forfeiture, but a state also could choose, as Florida has done, to provide gain time but to make it subject to forfeiture if the defendant commits a new offense.

Ex post facto principles apply to unfavorable changes after the date of an offense, but Mr. Gaines makes no claim that the governing law changed after his offense. A defendant has a right to procedural due process, including, in appropriate circumstances, an evidentiary hearing, but Mr. Gaines waived his right to a hearing. A state must comply with a plea agreement on which a guilty plea is

based, *see, e.g.*, *Santobello v. New York*, 404 U.S. 257 (1971), but Mr. Gaines has not shown that his plea agreement purported to countermand state law on gain time or conditional release, and his unsupported contrary conclusion makes no sense.

The bottom line is this. Mr. Gaines received a proper 30-year sentence that fully complied with his plea agreement. When the proper time arrived under Florida law, Mr. Gaines was released from prison and placed on community release. This would have been a favorable development for Mr. Gaines, but he committed a new offense. Or so the state alleged. Mr. Gaines could have required the state to prove it, but he chose not to do so. He went back to prison, precisely in compliance with Florida law.

To be sure, Mr. Gaines disagrees with this reading of state law. But as properly set out in the report and recommendation, a violation of state law, even if it occurred, would not entitle him to relief and this federal habeas proceeding.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Gaines has not made the required showing. This order denies a certificate of appealability.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is granted on this issue only: whether Mr. Gaines's claim that the state violated his plea agreement has properly been denied without an evidentiary hearing.

4. The clerk must close the file.

SO ORDERED on March 28, 2018.

<u>s/Robert L. Hinkle</u><br>
United States District Judge